# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 10-cv-01933-CMA-KLM

MICHAEL BUFFINGTON,

    Plaintiff,

v.

HOME DEPOT USA, INC.,

    Defendant.

## ORDER REMANDING CASE

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 4). For the following reasons, the Court grants Plaintiff's motion and remands this case to the District Court of Jefferson County, Colorado.

On June 4, 2010, Plaintiff filed his lawsuit in the District Court of Jefferson County, Colorado. On August 13, 2010, Defendant filed a Notice of Removal in this Court.[1] Defendant asserts the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction.

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

---

[1] Plaintiff argues that Defendant's Notice is untimely under 28 U.S.C. § 1446(d). Because the Court finds it does not have subject matter jurisdiction, it need not address whether removal was untimely.

Plaintiff does not dispute the parties are diverse.[2] He does dispute, however, that there is a sufficient amount in controversy for the Court to have jurisdiction.

The burden is on Defendant, as the removing party, to "prove jurisdictional facts by a preponderance of the evidence." *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008). Typically, a defendant can establish the amount in controversy by providing factual allegations in the notice of removal, or by citing to allegations in the complaint. *Id*.

As for the complaint, Plaintiff has not identified a specific amount of damages; moreover, the Court cannot discern from it that the amount in controversy exceeds $75,000. The Notice of Removal is similarly deficient. In it, Defendant asserts that "it is now clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Doc. # 1 at 3, ¶ 4.) Defendant cites Plaintiff's initial disclosures as basis for this clarity. The disclosures show that Plaintiff is seeking $14,030.75 in past medical expenses and unspecified damage amounts for future medical expenses, for past and future pain and suffering, physical impairment, loss of enjoyment of life and other non-economic damages. (Doc. # 1-13 at 5.) These disclosures, then, make clear that Plaintiff is seeking more than $14,030.75. These disclosures, however, do not make clear that Plaintiff is seeking more than $75,000. Defendant must still show, by a preponderance, that Plaintiff is seeking more than $60,969.25. To reach that amount, the Court could speculate as to how much the unspecified damages total; doing so,

---

[2] Defendant is a citizen of Georgia/Delaware and Plaintiff is a citizen of Colorado.

however, would be inappropriate given Defendant's burden and especially given the "presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). The Court concludes it does not have subject matter jurisdiction over this case.

Accordingly, the Court the GRANTS Plaintiff's Motion to Remand (Doc. # 4) and REMANDS this case to the District Court of Jefferson County, Colorado.

DATED: August __19__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge